1  Lee F. Grossman, Esq., admitted *pro hac vice*
   lgrossman@nshn.com
2  Niro, Scavone, Haller & Niro
   181 West Madison Street, Suite 4600
3  Chicago, Illinois 60602
   Telephone: (312) 236-0733
4
   Mark M. Grossman, Esq., admitted *pro hac vice*
5  mgrossman@grossmanlegal.com
   Grossman Law Offices
6  225 West Washington Street, Suite 2200
   Chicago, Illinois 60606
7  Telephone:  (312) 621-9000

8  Sean Kneafsey, (CSB No. 180863)
   skneafsey@ktalaw.com
9  Kneafsey Tostado & Associates LLP
   800 Wilshire Boulevard, Suite 710
10 Los Angeles, California 90017
   Telephone:  (213) 892-1200
11 Facsimile: (213) 892-1208

12 Attorneys for Plaintiff TRIMED, INCORPORATED

13
                    UNITED STATES DISTRICT COURT
14
                   CENTRAL DISTRICT OF CALIFORNIA
15

16 | TRIMED, INCORPORATED,          | Case No. CV-06-1918-R (SHx)
   | a California corporation,      |
17 |                                |
   |         Plaintiff,             | **ORDER RE: DISMISSAL OF**
18 |                                | **STRYKER CORPORATION'S**
   |    v.                          | **COUNTERCLAIMS OF**
19 |                                | **NONINFRINGEMENT AND**
   | STRYKER CORPORATION,           | **INVALIDITY WITHOUT**
20 | a Michigan corporation,        | **PREJUDICE; AND ENTRY OF**
   |                                | **FINAL JUDGMENT**
21 |         Defendant.             |
   |                                |
22 |                                | The Honorable Manuel L. Real

WHEREAS:

1. On March 28, 2006, TriMed, Inc. ("TriMed") filed its Complaint against Stryker Corporation ("Stryker") alleging infringement of U.S. Patent No. 5,931,839 ("the '839 patent").

2. Stryker answered on May 19, 2006, denying the Complaint, asserting affirmative defenses, and alleging counterclaims seeking declarations of noninfringement and invalidity.

3. TriMed filed its reply to Stryker's counterclaims on June 6, 2006.

4. On April 6, 2009, Stryker filed a motion for summary judgment asserting that the asserted claims are invalid because they are anticipated or rendered obvious by the prior art.

5. On May 21, 2009, the Court issued an order ("the May 21st Order") granting Stryker's motion for summary judgment that the asserted claims of the '839 patent are invalid because they are rendered obvious by the prior art. The May 21st Order further dismissed with prejudice TriMed's Complaint against Stryker.

6. The May 21st Order does not constitute a final judgment because it did not dispose of all the claims in the action. *See Pause Technology LLC v. Tivo, Inc.*, 401 F.3d 1290 (Fed. Cir. 2005). Namely, the May 21st Order did not address Stryker's remaining counterclaims of patent invalidity or noninfringement.

7. The Parties have agreed to this Order dismissing Stryker's remaining counterclaims of patent invalidity and noninfringement pursuant to Federal Rule of Civil Procedure 41, without prejudice to refile the counterclaims if the Federal Circuit does not affirm the grant of summary judgment.

IT IS HEREBY ORDERED THAT:

a. The May 21st Order does not constitute a final judgment because it did not dispose of all the claims in the action. *See Pause Technology LLC v. Tivo, Inc.*, 401

F.3d 1290 (Fed. Cir. 2005). Namely, the May 21st Order did not address Stryker's remaining counterclaims of patent invalidity or noninfringement.

    b.    Stryker's remaining counterclaims of patent invalidity and noninfringement are dismissed without prejudice.

    c.    Stryker does not waive its right to seek an exceptional case finding under 35 U.S.C. § 285 if the Court's order granting summary judgment is affirmed upon appellate review.

    d.    Summary Judgment having been entered on TriMed's Complaint, and Stryker's counterclaims having been dismissed without prejudice, final judgment is hereby entered in favor of Stryker and against TriMed.

Dated: June 17, 2009                _____

                                    Honorable Manuel L. Real
                                    Judge, United States District Court